**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BLUEBONNET TELECOMMUNICATIONS L.L.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>NEC CASIO MOBILE COMMUNICATIONS, LTD, and NEC CORPORATION OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bluebonnet Telecommunications, L.L.C. ("Bluebonnet") files this original complaint against the above-named Defendants NEC Casio Mobile Communications, Ltd., and NEC Corporation of America (collectively referred to as "NEC"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1.  Bluebonnet is a corporation formed under the laws of the State of Texas, with a principal place of business in Longview, Texas.

2.  Defendant NEC Casio Mobile Communications, Ltd is incorporated under the laws of Japan with its principal place of business at 1753, Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, Japan. This Defendant may be served with process at its principal place of business at 1753, Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, Japan.

3.  Defendant NEC Corporation of America is a Nevada corporation with its principal place of business in Irving, Texas. This Defendant may be served with process through its agent, National Registered Agents, Inc. of Nevada, 311 South Division Street, Carson City, Nevada 89703.

## JURISDICTION AND VENUE

4.  This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, NEC has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

6.  NEC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to NEC's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,485,511

7.  On January 16, 1996, United States Patent No. 5,485,511 ("the 511 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Determining the Telephony Features Assigned to a Telephone."

8. Bluebonnet is the owner of the 511 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 511 patent against infringers, and to collect damages for all relevant times.

9. NEC, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, the Terrain, CASIO G'zOne Commando 4G LTE, CASIO G'zOne, and Commando, G'zOne Type-L) that infringed one or more claims of the 511 patent.  Specifically, NEC's accused products and/or systems have features that allow a user to determine whether certain telephony features (*e.g*., call forwarding and call barring) are activated.

10. NEC has and is directly infringing the 511 patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,560,274

11. On May 6, 2003, United States Patent No. 6,560,274 ("the 274 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Transceiver."

12. Bluebonnet is the owner of the 274 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 274 patent against infringers, and to collect damages for all relevant times.

13. NEC, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, the the Terrain, CASIO G'zOne Commando 4G LTE, CASIO G'zOne, and Commando, G'zOne Type-L) that infringed one

or more claims of the 274 patent.  Specifically, NEC's accused products and/or systems have an airplane mode feature.

14. NEC has and is directly infringing the 274 patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,400,814

15. On June 4, 2002, United States Patent No. 6,400,814 ("the 814 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Telephone with Ringer Silencer Screening Feature."

16. Bluebonnet is the owner of the 814 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 814 patent against infringers, and to collect damages for all relevant times.

17. NEC, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, the Terrain, CASIO G'zOne Commando 4G LTE, CASIO G'zOne, and Commando, G'zOne Type-L) that infringed one or more claims of the 814 patent.  Specifically, NEC's accused products and/or systems have a ringer silencer screening feature.

18. NEC has and is directly infringing the 814 patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

19. NEC has and is indirectly infringing the 511, 274, and 814 patents, both as an inducer of infringement and as a contributory infringer.

20. The direct infringement underlying NEC's indirect infringement consists of the use of the accused smartphones by end-user customers.

21. NEC induces end-user customers to use the accused smartphones, and specifically to use them in a manner that infringes the 511, 274, and 814 patents. They do so by (1) providing instructions to their customers that explain how to use the features of the accused devices that are accused of infringement (specifically those features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding and call barring) are activated, the airplane mode feature, and the ringer silencer screening feature); and (2) by touting the accused features of the smartphones.

22. NEC has contributed to the infringement of the 511, 274, and 814 patents by end-user customers by making and selling the accused smartphones. The accused features of the accused smartphones have no substantial use other than infringing the 511, 274, and 814 patents. In particular, the accused features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding and call barring) are activated, the airplane mode feature, and the feature that allows a user to silence a call without interrupting the on-hook state have no practical use other than uses that infringe the 511, 274, and 814 patents, respectively. The use of these features of the accused smartphones for their intended purpose necessarily results in infringement of the 511, 274, and 814 patents.

23. NEC has or will have knowledge of the 511, 274, and 814 patents, as well as the fact that its customers' use of its smartphones infringes the 511, 274, and 814 patents, since at least as early as the filing of this lawsuit. Additionally, when it launched its smartphones, NEC took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as Bluebonnet, and thus was willfully blind to the existence of the 511, 274, and 814 patents. NEC thus induces/induced and

contributes/contributed to acts of direct infringement with the specific intent that others would infringe the 511, 274, and 814 patents.

24. For the same reasons, NEC's infringement has been or will be willful.

## **PRAYER FOR RELIEF**

Bluebonnet requests that the Court find in its favor and against NEC and that the Court grant Bluebonnet the following relief:

a. Judgment that one or more claims of the 511, 274, and 814 patents have been infringed, either literally and/or under the doctrine of equivalents, NEC and/or all others acting in concert therewith;

b. A permanent injunction enjoining NEC and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 511, 274, and 814 patents;

c. Judgment that NEC accounts for and pays to Bluebonnet all damages to and costs incurred by Bluebonnet because of NEC's infringing activities and other conduct complained of herein;

d. That Bluebonnet be granted pre-judgment and post-judgment interest on the damages caused by NEC's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Bluebonnet its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Bluebonnet be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 7, 2014                    Respectfully submitted,

/s/ Elizabeth L. DeRieux
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Cory C. Johnson
Texas Bar No. 24046162
cory@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

S. Calvin Capshaw, III
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email: jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903)-233-9800
Facsimile: (903)-236-8787

*ATTORNEYS FOR PLAINTIFF*
*BLUEBONNET TELECOMMUNICATIONS L.L.C.*